**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------

| | |
|---|---|
| **BROADCAST MUSIC, INC.; GEORGE THOROGOOD** *d/b/a DEL SOUND MUSIC*; **UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; JOHN BIENSTOCK** *d/b/a JOHNNY BIENSTOCK MUSIC*; **BOCHEPHUS MUSIC, INC.; HORIPRO ENTERTAINMENT GROUP, INC.** *d/b/a SIXTEEN STARS MUSIC*; **SONGS OF UNIVERSAL, INC.; SONY/ATV SONGS LLC** *d/b/a SONY/ATV ACUFF ROSE MUSIC*; **JOHN W. PATTE, SR.** *d/b/a YVONNE PUBLISHING CO.*; **SONY/ATV SONGS LLC** *d/b/a SONY/ATV TREE PUBLISHING*; **WARNER-TAMERLANE PUBLISHING CORP.; SHERYL SUZANNE CROW** *d/b/a OLD CROW MUSIC*; **JEFF TROTT** *d/b/a TROTTSKY MUSIC*; **UNICHAPPELL MUSIC, INC.;** *and* **FORREST RICHARD BETTS** *d/b/a FORREST RICHARD BETTS MUSIC*, | 1:07-CV-476 (GLS/RFT) |

                                      **Plaintiffs,**
                v.

**NORTHERN LIGHTS, INC.** *d/b/a NORTHERN LIGHTS*; *and* **KIP FINCK** *individually*,

                                      **Defendants.**

-------------------------------------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Harris Beach Law Firm<br>99 Garnsey Road<br>Pittsford, NY 14534 | NEAL LOUIS SLIFKIN, ESQ. |
| **FOR THE DEFENDANTS:** | |
| No Appearance On Record | |

**Gary L. Sharpe**
**U.S. District Judge**

# DECISION AND ORDER

## I. Introduction

This suit arises out of the alleged infringement of plaintiffs' copyrights through the defendants' public performance of plaintiffs' musical works without having paid required licensing fees. Currently pending is plaintiffs' motion seeking entry of a default judgment against Northern Lights, Inc. For the reasons that follow, the motion is granted.

## II. Background

Plaintiff Broadcast Music, Inc. ("BMI") is a corporation which has been granted the right to license the public performance rights in the musical works alleged to have been infringed by the defendants herein. (See Dkt. No. 1.)

2

The remaining plaintiffs are the owners of copyrights in such musical works. *Id.* Defendant Northern Lights, Inc. is a corporation which runs a night club in Clifton Park, New York called Northern Lights (the "establishment"). *Id.* The establishment is overseen by defendant Kip Finck ("Finck"), who is an officer of Northern Lights, Inc.. *Id.*

From June of 2004 to June of 2006, BMI sent multiple letters to Finck notifying the defendants that their license to publicly perform plaintiffs' works had expired, and that they needed to renew the license or cease their infringing performance of such works. (See Dkt. Nos. 12:2-12:3.) BMI personnel also called the establishment frequently during this period regarding the expired license and spoke to Finck. *Id.* Despite these notifications, defendants failed to renew their license. *Id.* As such, BMI employees were dispatched to monitor the establishment on November 16 and 17, 2004 and August 4, 2006. *Id.* On these occasions, BMI's employees documented the ten public performances of plaintiffs' works which give rise to this action. *Id.*

Subsequently, on May 3, 2007, plaintiffs commenced this action under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, seeking damages and equitable relief against Finck and Northern Lights, Inc. (See

3

Dkt. No. 1.)  Defendants were served with process on May 14, 2007.  (See Dkt. Nos. 6, 7.)  To date neither defendant has appeared in this action, and their time to do so has expired.  See FED. R. CIV. P. 12(a).

On August 20, 2007, plaintiffs filed a Request for Entry of Default pursuant to Federal Rule of Civil Procedure 55 and Local Rule 55.1.  (See Dkt. No. 8.)  The Clerk of the Court entered such default on August 22, 2007.  (See Dkt. No. 11.)  By order entered May 20, 2008, the court entered a default judgment against Finck and severed plaintiffs' claims against Northern Lights, Inc. due to its pending Chapter 11 bankruptcy proceedings.  Northern Lights, Inc.'s bankruptcy petition has since been dismissed, and plaintiffs' motion for a default judgment against Northern Lights, Inc. has been restored.  Plaintiffs now move for a default judgment against Northern Lights, Inc., awarding them: 1) a permanent injunction prohibiting Northern Lights, Inc. from infringing plaintiffs' musical works, 2) $40,000 in statutory damages for the infringement, 3) attorneys' fees in the amount of $1,625 and 4) pre-judgment interest at the rate set by 28 U.S.C. § 1961.  (See Dkt. No. 12)

### III.  Discussion

**A.  Injunction**

17 U.S.C. § 502(a) allows courts to grant "final injunctions on such

4

terms as it may deem reasonable to prevent or restrain infringement of a copyright." "Injunctive relief is warranted where a copyright owner establishes liability and a threat of continuing violations." *Warner Bros. Entertainment, Inc. v. Carsagno*, No. 06 CV 2676, 2007 WL 1655666, at *5 (E.D.N.Y. June 4, 2007).

The complaint and affidavits submitted by plaintiffs establish that Northern Lights, Inc. has been repeatedly informed of the infringement of the plaintiffs' copyrights, and has failed to desist in such conduct. (See Dkt. Nos. 12:2, 12:3.) As such, the plaintiffs are entitled to a permanent injunction enjoining Northern Lights, Inc. from infringing musical compositions licensed by BMI. *See, e.g., Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 659 (S.D.N.Y. 1996).

### 2. Statutory Damages

In copyright infringement cases, 17 U.S.C. § 504(c)(1) provides for statutory damages in lieu of actual damages at the plaintiff's option. The standard spectrum of permissible damages ranges from $750 to $30,000 per infringement, as the court deems just.[1] *Id.* In determining a proper statutory

---

[1] However, damages may be as low as $200 per infringement if such infringement was "innocent," and as high as $150,000 dollars per infringement if willful. See 17 U.S.C. § 504(c)(2).

5

award, courts generally consider "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiff as a result of the defendants' conduct, and the infringers' state of mind." *Golden Torch Music Corp. v. Pier III Café, Inc.*, 684 F. Supp. 772, 774 (D. Conn. 1988). Additionally, "to put infringers 'on notice that it costs less to obey the copyright laws than to violate them,' ... a statutory damage award should significantly exceed the amount of unpaid license fees." *See R Bar of Manhattan*, 919 F. Supp. at 660 (quoting *Rodgers v. Eighty Four Lumber Co.*, 623 F. Supp. 889, 892 (W.D. Pa. 1985)). As such, courts often impose statutory damages in an amount more than double unpaid licensing fees where the infringement was not innocent. *Id.* (imposing statutory damages in an amount five times the unpaid licensing fees). *See also, e.g., Broadcast Music, Inc. v. Melody Fair Enterprises, Inc.*, Nos. CIV-89-70C, CIV-89-1223C, 1990 WL 284743, at *4 (W.D.N.Y. July 31, 1990) (awarding statutory damages of $70,000 dollars; four times the amount of unpaid licensing fees).

Here plaintiffs seek $4,000 dollars per infringement for the ten acts of infringement alleged in the complaint. As discussed above, the uncontroverted evidence establishes that Northern Lights, Inc. knew that the public performance of plaintiffs' works was infringement, and nevertheless

6

recklessly disregarded the plaintiffs' rights under the Copyright Act. In addition, affidavits of BMI officials assert that the unpaid licensing fees for the relevant time period amount to $24,890.61. (See Dkt. No. 12:2.)

In light of Northern Lights, Inc.'s culpable state of mind, the magnitude of the unpaid fees, and with an eye towards deterring future infringement, the court awards plaintiffs $40,000 dollars in statutory damages.

### 3. **Attorneys' Fees**

The Copyright Act provides that the court may award reasonable attorney's fees to the prevailing party at its discretion. See 17 U.S.C. § 505. In determining whether to award a fee in copyright cases the Supreme Court has provided that the following factors are appropriately considered: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3rd Cir. 1986) (internal quotation marks removed)). Again, these factors weigh in favor of an award of attorney's fees for the reasons already stated.

As to the amount of attorney's fees to award, courts within the Second

Circuit apply the "presumptively reasonable fee analysis" in determining the appropriate remuneration. *Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 (2d Cir. 2007). This analysis "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award." *Id*. In determining what is reasonable the following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 114 n.3 (2d Cir. 2007) (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Here, plaintiffs' counsel spent five hours on the case. As to the difficulty of the questions presented and the skill required to handle the case; copyright litigation certainly has the potential to become very complex and requires

8

attorneys extremely conversant with the practice area.  However, the court must take into account the fact that the defendants defaulted in this action, significantly limiting the labor required and complexity of the action.  Nor did the acceptance of this case likely preclude counsel from pursuing other opportunities.  Nevertheless, the court recognizes that plaintiffs' counsel kept his hours reasonable.  Also, at a rate of $325 an hour, he appears to be billing at a rate commensurate with his experience and ability as an attorney practicing intellectual property law since 1989.  Finally, the fees sought are appropriate in light of the total award obtained.  As such, the court grants the request for attorney's fees in the amount of $1,625.

### 4. Pre-Judgment Interest

Whether to grant pre-judgment interest and at what rate is a decision within the discretion of the court.  See *Henry v. Champlain Enterprises, Inc.*, 445 F.3d 610, 622-23 (2d Cir. 2006) (citation omitted); *TVT Records v. Island Def Jam Music Group*, 279 F. Supp. 2d 366, 409 (S.D.N.Y. 2003).

Here, Plaintiff seeks pre-judgment interest at the rate set by 28 U.S.C. § 1961.[2]  However, the court notes that such relief was not sought in the

---

[2]The court notes that there is some inconsistency in the plaintiffs' submissions as to whether pre- or post-judgment interest is sought.  Plaintiffs' brief requests pre-judgment interest pursuant to the rate set by 28 U.S.C. § 1961, without request for post-judgment interest.  (See Pl. Brief at 10-11, Dkt. No. 13:1.)  Contrarily, plaintiffs' proposed order seeks

9

complaint. While the court could nevertheless grant such relief had the defendants appeared in this action, it is inappropriate to grant relief not sought in the complaint in a default case such as this. See FED. R. CIV. P. 54. This is because "the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort and money necessary to defend the action" without having a more onerous judgment imposed upon default. 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2663 (3d ed. 1998). *See also Silge v. Merz,* 510 F.3d 157 (2d Cir. 2007) (plaintiff who did not request pre-judgment interest in the complaint, beyond demand for such further relief as the court deemed just, was not entitled to pre-judgment interest on defendant's default). In addition, the statutory damages awarded more than compensate the plaintiffs for their loss. As such, the court declines to award pre-judgment interest.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

---

post-judgment interest "from the date of this judgment, pursuant to 28 U.S.C. § 1961," while making no provision for pre-judgment interest. (See Ex. B, Dkt. No. 13:3.) Neither form of interest is sought in the complaint. (See Dkt. No. 1.) To the extent plaintiffs' submissions seek post-judgment interest, the court notes that such interest is available on all judgments as a matter of right under 28 U.S.C. § 1961. *See Indu Craft, Inc. v. Bank of Baroda*, 87 F.3d 614, 619 (2d Cir. 1996).

10

**ORDERED** that plaintiffs' motion for a default judgment against defendant Northern Lights, Inc. (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that defendant Northern Lights, Inc., and all persons acting under its permission or authority, are permanently enjoined from infringing the copyrighted musical compositions licensed by plaintiff Broadcast Music, Inc.; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of plaintiffs and against defendant Northern Lights, Inc. in the amount of **$41,625.00**[3], which judgment may be enforced severally or jointly with defendant Kip Finck; and it is further

**ORDERED** that in no event may plaintiff collect or seek to collect an aggregate award exceeding **$41,625.00** in this action; and it is further

**ORDERED** that plaintiffs' request for pre-judgment interest is **DENIED** as such relief was not sought in the complaint; and it is further

**ORDERED** that this court shall retain jurisdiction over this action for the purpose of enforcing the judgment granted; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

---

[3]Such award representing a judgment of $40,000 and attorney's fees of $1,625.

**IT IS SO ORDERED.**

July 27, 2009
Albany, New York

_____
United States District Court Judge

12